1  John S. Curtis (Bar No. 50350)
2  Email: jcurtis@azraellaw.net
   **LAW OFFICES OF JULIA AZRAEL**
3  5200 Lankershim Boulevard, Suite 850
4  North Hollywood, California 91601
   Telephone: (818) 766-5177
5  Facsimile: (818) 766-5047
6

7  Attorneys for Defendants
   MACY'S, INC. and MACY'S WEST STORES INC.
8

9
10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  **MIRALBA CASTRO ROSAS, MIMI SANTA CRUZ, ADEL DOGON, CHRISTOPHER ODMAN AND ROBERT BOUCHARD,** INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INDIVIDUALS, <br><br> Plaintiffs, <br><br> vs. <br><br> **MACY'S, INC., MACY'S WEST STORES INC.,** and DOES 1-10 inclusive <br><br> Defendants. | Case No. 2:11-cv-07318-PSG-PLA <br> Honorable Philip S. Gutierrez <br><br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** <br><br> [Declaration of John S. Curtis and Supplemental Declaration of Ann Munson Steines filed concurrently herewith] <br><br> Hearing Date: 11/28/2011 <br> Hearing Time: 1:30 p.m. <br> Courtroom: 880 Roybal |

On September 6, 2011, Defendants timely removed the instant action to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act. Plaintiffs now challenge the sufficiency of Defendants' removal on a single ground—diversity of citizenship. Although Plaintiffs' own Complaint affirmatively alleges that both Defendants' principal place of business is Ohio (Complaint, ¶¶ 10-11), after removal, Plaintiffs now argue that Defendants' principal place of business is California. Plaintiffs assert that Defendants' Notice of Removal is deficient on two grounds (presumably in the alternative)—(1) that Defendants failed to submit sufficient "proof" to establish the principal place of business for the two corporate defendants and (2) that the facts submitted by Defendants to establish their principal place of business are "incredible" (*i.e.* false). See Plaintiffs' Motion to Remand, 3:13-15. ("Defendants' notice of removal fails. . . [as it is] based on incredible factual assertions and speculative legal conclusions").

Plaintiffs' Motion fails to raise a legitimate basis for remand. Defendants satisfied the requirements for removal. The Declaration of Ann Munson Steines submitted in support of Defendants' Removal clearly establishes that the two corporate defendant entities in this matter are not citizens of California. Indeed, although Plaintiffs dispute the sufficiency of her Declaration, Plaintiffs then appear to concede its sufficiency by challenging the truthfulness of Ms. Steines' statements. But other than unsubstantiated allegations as to their truthfulness, Plaintiffs have not submitted any admissible evidence to contradict them. Lest there be any doubt, Defendants herewith submit a Supplemental Declaration of Ann

Munson Steines expounding on the factual statements set forth in her original Declaration.[1]

### 1. Defendants Satisfied Their Legal Burden for Removal

The Class Action Fairness Act provides—

"[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000. . . and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant. . ."

28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business*." [emphasis supplied]

The U.S. Supreme Court recently resolved a circuit split regarding the interpretation of a corporation's "principal place of business" as follows:

". . . we conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."

*The Hertz Corporation v. Melinda Friend*, 130 S. Ct. 1181, 1186 (2010). Referred to as the "nerve center" test, the Supreme Court further noted that "the 'nerve center' will typically be found at a corporation's headquarters," *i.e.*, the corporate "brain." *Id.* at 1186, 1193. As a result, under the nerve center test, a corporation is not a "citizen" of every state in which they do business. *Id.* at 1193-94. Rather, as the Supreme Court explained, even if

---

[1] Defendants provided most of this explanatory detail during the course of their meet and confer correspondence with Plaintiffs. *See* Declaration of John S. Curtis, ¶ 3 and Exhibit B.

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

|   |   |
|---|---|
| 1 | "[f]or example, [] the bulk of a company's business activities |
| 2 | visible to the public takes place in New Jersey, while its top |
| 3 | officers direct those activities just across the river in New York, |
| 4 | the 'principal place of business' is New York." |

5  *Hertz*, 130 S. Ct. at 1194.

6  The burden of proof for establishing diversity jurisdiction is on the party asserting it; and, when challenged, the party must support its allegations with "competent proof." *Id.* at 1194-95. According to the Supreme Court, "the mere filing of a form like the Security and Exchange Commission's Form 10-K listing a corporation's 'principal executive offices' would [not], without more, be sufficient proof to establish a corporation's 'nerve center.'" *Id.* at 1195. However, the Court did suggest that the unchallenged declaration submitted by Hertz would have been sufficient. *Id.*

The citizenship of parent and subsidiary corporations is determined separately where there is no showing of an alter ego relationship[2]. *Danjaq,*

---

[2] Plaintiffs include a vague statement in their Motion to Remand that "Macy's West Stores, Inc. appears to be the corporate alter ego of the West District/Division of Macy's, Inc. which operates over 257 department stores in the West, including 138 in California, and maintains a headquarters and several offices in California." Plaintiffs' Motion to Remand, 11:19-25. Plaintiffs' vague and unsupported allegation falls far short of the requisite showing for the alter ego doctrine. In addition, the unsubstantiated "facts" set forth by Plaintiffs are questionable. First, there is no such corporate entity called "West District/Division of Macy's, Inc." See Supplemental Declaration of Ann Munson Steines ("Suppl. Steines Decl."), ¶ 23. Second, Macy's West Stores, Inc. does not "maintain[] a headquarters . . . in California." Suppl. Steines Decl., ¶ 24. It is true that Macy's West Stores, Inc. operates department stores in California, but Macy's West Stores, Inc. also operates department stores in Oregon, Washington, Idaho, Montana, Wyoming, Utah, Nevada, Arizona, Colorado, New Mexico, Hawaii, Guam and two department stores in Texas. Supple. Steines Decl., ¶ 25. But even if Macy's West Stores, Inc. only operated department stores in the state of California, as the *Hertz* Court

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

*S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 774-776 (9th Cir. 1992). There is no attribution rule. *Id.* Thus, in a suit against a subsidiary, courts look only at the subsidiary's state of incorporation and principal place of business. *Id.* Its parent's citizenship is not considered in determining the subsidiary's place of business. The same holds true for suits against a parent. The courts look only at the parent's state of incorporation and principal place of business. *Id.* Its subsidiary's citizenship is not considered.

In order to effectuate removal, a party must file a Notice of Removal that contains "a short and plain statement of the grounds for removal" and is signed under Rule 11. A Notice of Removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332." *See Ellenburg v. Spartan Motors Chassis, Inc., et al.*, 519 F.3d 192, 200 (4th Cir. 2008) [brackets omitted] (holding that it was inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint). The liberal notice pleading rules governing pleadings as set forth in Federal Rule of Civil Procedure ("FRCP") 8(a) likewise apply to a Notice of Removal. *Id.*

Plaintiffs argue that Defendants failed to satisfy the liberal notice pleading standard set forth in FRCP 8(a). For support, Plaintiffs selectively quote from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiffs'

---

explained, the fact that "the bulk of a company's business activities visible to the public" are located in a particular state does not automatically make that state the corporation's principal place of business. Rather, it is the state from which those business activities are "directed" that constitutes the principal place of business. *Hertz*, 130 S. Ct. at 1194.

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

Motion for Remand, 5:13-6:8. In *Twombly*, the Court was faced with a case in which the plaintiffs sought to represent

> "a putative class of at least 90 percent of all subscribers to local telephone or high-speed Internet service in the continental United States, in an action against America's largest telecommunications firms (with many thousands of employees generating reams and gigabytes of business records) for unspecified (if any) instances of antitrust violations that allegedly occurred over a period of seven years."

*Id.* at 559. The complaint alleged "parallel conduct" but included only a "conclusory allegation of agreement at some unidentified point." *Id.* at 557. After noting that parallel conduct alone could simply be the result of independent action, the *Twombly* Court held that to state a claim under § 1 of the Sherman Act "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 556. In other words the Court said, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible [rather than simply conceivable] on its face." *Id.* at 570. Thus, with that context, the Supreme Court dismissed the Plaintiffs' Complaint because it failed to allege facts sufficient to establish a "plausible" suggestion of conspiracy. *Id.* at 566. Simply using the words "conspiracy" and "agreement" were not sufficient.

Plaintiffs argue that Defendants violated the *Twombly* principles in their Notice of Removal—urging that Defendants' statements constitute a "formalistic recitation" and mere "legal conclusions couched as a factual allegation." Plaintiffs' Motion for Remand, 6:3-4; 9:1-4. However, Plaintiffs' arguments seriously mischaracterize the substance of Defendants' submissions. Using virtually the same words as those set forth in Plaintiffs'

own Complaint (*see* Complaint, ¶¶ 10-11), Defendants affirmatively alleged their states of incorporation and principal places of business as follows:

> "Defendant Macy's, Inc. is incorporated under the laws of the state of Delaware and has its principal place of business either in the state of Ohio or the state of New York. (Declaration of Ann Munson Steines, ¶ 2) Defendant Macy's West Stores, Inc. is incorporated under the laws of the state of Ohio and has its principal place of business in either the state of Ohio or the state of New York. (*Id.* at ¶ 3)."

Notice of Removal, 3:15-21. Moreover, importantly, Defendants also submitted the unchallenged declaration of a senior Macy's executive in support of these substantive allegations. *See* Declaration of Ann Munson Steines, ¶¶ 1-3, filed concurrently with Defendants' Notice of Removal. Plaintiffs might have had an argument if Defendants had simply alleged with no support, declaration or otherwise, that "they are not citizens of California" with no other explanation or affirmative allegation as to their states of citizenship. However, here, Defendants satisfied their burden under FRCP 8(a) by providing factual allegations and a sworn declaration to establish their citizenship.

Indeed, Defendants' jurisdictional allegations dovetail precisely with those suggested for use by the FRCP. As the *Ellenburg* Court noted, the forms set forth in the Appendix of Forms to the FRCP provide guidance on the level of specificity required by FRCP 8(a) as it relates to jurisdictional allegations. 519 F.3d at 200. Form 7(a) (Statement of Jurisdiction) instructs (in uncannily similar terms to those used by Defendants) that the following "form" allegation would suffice—

> "a. (*For diversity-of-citizenship jurisdiction*). The plaintiff is [a citizen of *Michigan*] [a corporation incorporated under the

laws of *Michigan* with its principal place of business in *Michigan*]. The defendant is [a citizen of *New York*] [a corporation incorporated under the laws of *New York* with its principal place of business in *New York*]. . . "

Indeed, FRCP 84 (Forms) directs that the Appendix Forms "suffice under these rules" and "illustrate the simplicity and brevity that these rules contemplate." Accordingly, as the "burden [for a removing party] is no greater than is required [for a plaintiff] to establish federal jurisdiction as alleged in a complaint" (*Ellenburg*, 519 F.3d at 200), Defendants' allegations met (through their allegations which effectively mirror those set forth in FRCP Form 7(a)) and exceeded (through the Declaration of Ann Munson Steines) those required by FRCP 8(a).

### 2. Defendants Are Not Citizens of California

Apparently in the alternative, Plaintiffs also argue that even if Defendants' factual allegations are deemed sufficient, they (and the supporting statements set forth in Steines' sworn declaration) are "incredible" (*i.e.*, false) because of apparent statements taken from what they identify only as "Macy's Inc.'s corporate web site." Motion to Remand, 9:15-22; 10:2-4. Plaintiffs are further critical that Ms. Steines' declaration did not include certain information they claim is "required" by *Hertz* (although *Hertz* absolutely does not "require" the information Plaintiffs contend). Motion to Remand, 11:6-18.

Plaintiffs' assertions are baseless. First, all of the statements made in Ms. Steines' sworn declaration are absolutely truthful. The unsubstantiated commentary from Plaintiffs simply reflects their lack of understanding (despite Defendants' attempts to educate during the meet and confer process). Second, although Ms. Steines' original Declaration is certainly sufficient as a matter of law for purposes of establishing that Defendants'

principal places of business are not California, Defendants herewith submit a Supplemental Declaration from Ms. Steines to lay the issue to rest.

      a.    **Defendant Macy's, Inc.'s Principal Place of Business Is Either Ohio or New York**

With respect to Defendant Macy's, Inc., in her original Declaration Ms. Steines declared the following--

> "Defendant Macy's Inc. is incorporated in the state of Delaware and its principal place of business and its employees work in either the state of Ohio or the state of New York."

Steines Decl., ¶ 2. Plaintiffs find her statement to be "incredible" because, according to Plaintiffs, "Macy's Inc.'s corporate web site alleges that Macy's employs over 166,000 individuals, including 29,100 in California, 22,800 in New York and 8,500 in Ohio." (Motion to Remand, 9:16-20) Plaintiffs go on to allege that they along with all member of the "putative class" are actually employed by Macy's, Inc. in California. *Id.* at 9:20-22.

However, consistent with Ms. Steines' original Declaration, Defendants explained during the course of the meet and confer process that—

> "Macy's, Inc. is solely a holding company and [] it only employs Terry Lundgren (the CEO of Macy's businesses) and his assistants. All of these individuals work either in Cincinnati, Ohio or New York, New York."

Exh. B to Curtis Declaration; *see also* Suppl. Steines Decl., ¶ 9, 13. Thus, contrary to their belief, Plaintiffs are *not* employees of Macy's, Inc. Suppl. Steines Decl., ¶ 13, 25 In her Supplemental Declaration, Ms. Steines further explains that in addition to its only employees working in either Ohio or New York, Macy's, Inc.'s corporate offices are located in Ohio and New York, it is only qualified to do business in Ohio and New York (not

1  California), its board of directors meets in either Ohio or New York, the
2  members of its executive management team are located in either Ohio or
3  New York, and with the exception of one individual, its other principal
4  corporate officers are also located in either Ohio or New York. Suppl.
5  Steines Decl., ¶¶ 11-13, 15-17. Accordingly, the decisions of the board of
6  directors, executive management team and corporate officers (the
7  individuals responsible for directing, controlling and coordinating the
8  activities of Macy's, Inc.) are rendered from either Ohio or New York. *Id.* at
9  ¶ 18. Given Ms. Steines' explanations, there is no question that Macy's,
10 Inc.'s principal place of business is either in Ohio or New York, but certainly
11 not in California.
12 **3.   Defendant Macy's West Stores, Inc.'s Principal Place of Business**
13 **     Is Either Ohio or New York**
14      With respect to Defendant Macy's West Stores, Inc., in her original
15 Declaration Ms. Steines declared the following—
16      "Defendant Macy's West Stores, Inc. is incorporated in the state of
17      Ohio and its principal place of business and corporate headquarters is
18      located in either the state of Ohio or the state of New York (where the
19      majority of Macy's senior executive officers oversee and direct the
20      operations of the company)."
21 Steines Decl., ¶ 3. Plaintiffs complain that Ms. Steines' Declaration is
22 "ambiguous" and that it does not provide the "competent proof" required by
23 *Hertz*.
24      However, consistent with Ms. Steines' original Declaration,
25 Defendants explained during the course of the meet and confer process that--
26      ". . . the vast majority of the company's senior executives – who
27      determine the company's business strategies, set the company's
28      policies and procedures, and control the company's real estate,

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

construction activities, merchandising direction, store operations, credit procedures, and the like – work out of either Ohio or New York. Indeed, the company's executives in California are responsible for simply executing the directions provided by, and the policies and procedures set by, the executives in Ohio or New York."

Exh. B to Curtis Declaration. Ms. Steines further explains in her Supplemental Declaration that, although Macy's West Stores, Inc. is responsible for the operation of the Macy's department stores located in California, it is also responsible for the operation of Macy's stores in Oregon, Washington, Idaho, Montana, Wyoming, Utah, Nevada, Arizona, Colorado, New Mexico, Hawaii, Guam and two stores in Texas, its corporate headquarters is located in Ohio, the principal corporate officers responsible for making decisions that direct the company's business strategies, set the company' policies and procedures and coordinate and control the company's direction with respect to areas such as real estate, construction activities, merchandising, store operations, credit procedures, human resources and marketing are located (with only one exception in Georgia) in Ohio and New York. Suppl. Steines Decl. ¶¶ 24-28. Accordingly, Macy's West Stores, Inc. principal place of business is in either Ohio or New York.

### 4. Conclusion

In their Complaint, Plaintiffs agreed that Defendants' principal place of business was not in California. Although they changed their position after removal, Defendants provided the "competent proof" necessary to establish that they are not citizens of California. As a result, this Court properly has jurisdiction of this matter under the Class Action Fairness Act and Plaintiffs' Motion to Remand should be denied.

//

| | |
|---|---|
| Dated: November 7, 2011 | LAW OFFICES OF JULIA AZRAEL |
| | By: *John S. Curtis* |
| | JOHN S. CURTIS |
| | Attorneys for Defendants |
| | Macy's, Inc. and |
| | Macy's West Stores Inc. |

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND   Page 11