John S. Curtis (Bar No. 50350)
Email:  jcurtis@azraellaw.net
**LAW OFFICES OF JULIA AZRAEL**
5200 Lankershim Boulevard, Suite 850
North Hollywood, California 91601
Telephone:  (818) 766-5177
Facsimile:  (818) 766-5047

Attorneys for Defendants
MACY'S, INC. and MACY'S WEST STORES INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRALBA CASTRO ROSAS, MIMI SANTA CRUZ, ADEL DOGON, CHRISTOPHER ODMAN AND ROBERT BOUCHARD, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INDIVIDUALS,<br><br>Plaintiffs,<br><br>vs.<br><br>MACY'S, INC., MACY'S WEST STORES INC., and DOES 1-10 inclusive<br><br>Defendants. | Case No. 2:11-cv-07318-PSG-PLA<br>Honorable Philip S. Gutierrez<br><br>**DECLARATION OF JOHN S. CURTIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO REMAND**<br><br>[Memorandum of Points and Authorities and Supplemental Declaration of Ann Munson Steines filed concurrently herewith]<br><br>Hearing Date:  11/28/2011<br>Hearing Time:  1:30 p.m.<br>Courtroom:  880 Roybal |

# DECLARATION OF JOHN S. CURTIS

I, John S. Curtis, hereby declare the following:

1. I am an attorney at law duly licensed to practice law in the State of California and am the attorney of record in this action for the purpose of representing the interests of Defendants Macy's, Inc. and Macy's West Stores, Inc. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On or about September 14, 2011, I received an email message from counsel for Plaintiffs, Nicolette Glazer, informing me that she believed Defendants' Notice of Removal was deficient. A true and correct copy of Ms. Glazer's email is attached hereto as Exhibit A to my Declaration.

3. On September 16, 2011, I responded to Ms. Glazer's email with a letter dated September 16, 2011. A true and correct copy of my letter is attached hereto as Exhibit B to my Declaration.

4. On or about September 23, 2011, I received a letter dated September 23, 2011 from counsel for Plaintiffs, Ms. Glazer, in furtherance of the parties' meet and confer efforts. A true and correct copy of Ms. Glazer's letter is attached hereto as Exhibit C to my Declaration.

5. On or about September 29, 2011, I responded to Ms. Glazer's correspondence by letter dated September 29, 2011. A true and correct copy of my letter is attached hereto as Exhibit D to my Declaration.

//
//
//
//
//
//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __November 7__, 2011 in North Hollywood, Califoronia.

_____
John S. Curtis

**EXHIBIT 'A'**

In Re: Rosas et al. v Macy's et al. [cv-11-7318]
Nicolette Glazer
to:
john curtis, cathreine sison
09/14/2011 05:42 PM
Show Details

Dear Mr. Curtis and Ms. Sosin,

This correspondence is in relation to the removal of this case pursuant to section 1446(a). Pursuant to L.R. 7-3 I would like to bring to your attention the following procedural/pleading defects pertaining to your notice of removal:

Macy's Inc.: Ms. Munson Steines alleges that Macy's principal place of business and its employees work in either the state of Ohio or New York. The declaration and the notice of removal contain no facts to support your assertion that the stated principal places of business are in fact the corporate party's principal place of business under either the "total activities" or the alternate "nerve center" test. Macy's Inc.'s own web site alleges that Macy's Inc. employs 29,100 persons in CA compared to 22,800 for New York and 8,500 for Ohio. Further, 138 of all Macy's stores are in CA; 52 are located in New York; 36 are located in Ohio.

Macy's West Stores Inc.: Ms Munson alleges that the principal place of business and corporate headquarters is located in either the state of Ohio or the state of New York. No stated facts support these allegations.

Please let me know if you intend to amend your notice of removal. Otherwise I will be filing a motion to remand within 10 days of tomorrow and will be requesting that the court orders jurisdictional discovery.

Further, since under local rule 23-3 Plaintiffs must file all requests for class certification with 90 days I propose that we enter into a stipulation to conduct discovery in stages and complete all *class related discovery* with the next 45 days. Please let me know if you would like to discuss this matter further.

best,

nicolette


**Nicolette Glazer Esq.**
Board Certified Specialist
in Immigration and Nationality Law
Direct Line: (310) 735-3478

LAW OFFICES OF LARRY R GLAZER
1875 Century Park East, 7th Floor
Century City, California 90067
www.GlazerandGlazer.com ‖ main line: (310) 407-5353 ‖ main fax: (310) 407-5354

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US PROMPTLY AND DESTROY THIS MESSAGE AND ANY ATTACHMENT IT MAY CONTAIN.

Circular 230 Disclosure:Any tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any
other taxpayer (i) for the purpose of avoiding tax penalties that may be imposed, or (ii) in promoting, marketing, or recommending tax transaction or matter to another party. Any taxpayer should seek advice from an independent tax advisor with respect to any tax transaction or matter contained herein.

# EXHIBIT 'B'

Law Offices of
## JULIA AZRAEL
5200 Lankershim Boulevard, Suite 850
North Hollywood, California 91601
Phone: (818) 766-5177 • Fax: (818) 766-5047

**Julia Azrael**
jazrael@azraellaw.net
**John S. Curtis**
jcurtis@azraellaw.net

**Michael T. Fox (Of Counsel)**
mfox@azraellaw.net
**Sherry-Maria Shenouda**
sshenouda@azraellaw.net

September 16, 2011

Nicolette Glazer
Law Offices of Larry R. Glazer
1875 Century Park East, Ste 700
Century City, CA 90067

    Re:    Miralba Castro Rosas, et. al., v. Macy's Inc., et. al.
    Our File No.:  MAY030

Dear Ms. Glazer:

    I have reviewed your email and have set forth additional explanatory information below so that you may better understand the affirmations set forth in Macy's Petition for Removal. I do not believe it is necessary to amend Macy's Petition for Removal, but if you have any further questions in this regard please do not hesitate to contact me.

    First, you should know that the United States Supreme Court last year adopted the "nerve center" test and abrogated the "total activities" test in Hertz Corp. v. Friend, 130 S.Ct. 1181 (U.S. 2010). Under the "nerve center" test, for purposes of determining a party's "principal place of business," courts now look to the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz, 130 S.Ct. at 1186.

    Second, you should know that Macy's, Inc. is solely a holding company and that it only employs Terry Lundgren (the CEO of Macy's businesses) and his assistants. All of these individuals work either in Cincinnati, Ohio, or New York, New York. Accordingly, in her declaration, Ms. Steines asserts that Macy's, Inc.'s principal place of business is either in Ohio or New York because "its employees work in either the state of Ohio or the state of New York."

    Third, as to Macy's West Stores, Inc., you should know that the vast majority of the company's senior executives -- who determine the company's business strategies, set the company's policies and procedures, and control the company's real estate, construction activities, merchandising direction, store operations, credit procedures, and the like -- work out of either Ohio or New York. Indeed, the company's executives in California are responsible for simply executing the directions provided by, and the policies and procedures set by, the executives in

Nicolette Glazer
9/16/2011
Page 2 of 2

Ohio or New York. Accordingly, again in her declaration, Ms. Steines asserts that Macy's West Stores, Inc.'s principal place of business is in either Ohio or New York because that is "where the majority of Macy's senior executive officers oversee and direct the operations of the company."

Finally, as to the discovery issues you raise, I would suggest that the parties agree to waive the requirement of Local Rule 23-3 that class certification motions be filed 90-days after removal. We could recite this agreement in the Joint Scheduling Conference Report.

Very truly yours,

LAW OFFICES OF JULIA AZRAEL

John S. Curtis

JSC/amm

# EXHIBIT 'C'

Nicolette Glazer, Esq

Law Offices of Larry R. Glazer
1875 Century Park East
Suite 700
Century City, CA 90067
Tel 310-407-5353
Fax 310-407-5354

Email: nicolette@glazerandglazer.com

23 September 2011

Mr. John S Curtis Esq.
Law Offices of Julia Azrael
5200 Lankershim Blvd #850
North Hollywood, CA 91601

                In RE: *Castro Rosas et al v. Macy's Inc et al*
                     Case No. CV-11-07318-PSG-PLA
                     IRN 2011cv4456

Dear Mr. Curtis:

This correspondence is in response to your letter dated 16 September 2011. Although I agree with you that the proper test to determine the citizenship of Defendants Macy's Inc. and Macy's West Store Inc. for jurisdictional purpose is the 'nerve center" test set forth in *Hertz v. Friend*, 130 S.Ct. 1181 (U.S. 2010), I believe that your notice of removal and the supporting declarations fail to meet the pleading burden set by the Supreme Court. Rather than provide facts in support of a finding that Ohio and/or New York "is the actual center of direction, control, and coordination" your removal notice asserts that "Macy's Inc. employees work in either the state of Ohio or the state of New York." Further, your notice of removal fails to offer adequate facts to support the assertion that "Ohio and/or New York is the principal place of business for Macy's West Store." Specifically, the notice of removal and supporting declarations are silent as to the number of executives, the location of said executives, and the powers vested in them.

I do not believe that evasive and conclusory averments crafted to mimic the definition of "nerve center", without more, are sufficient to establish a basis for removal. Please let me know if you will be filing an amended declaration in support of your notice of removal.

As to seeking a waiver of the LR 23-3 I propose that we file a stipulation to that effect promptly. Submitting an "agreement" in the Joint Scheduling Conference

Rosas v. Macy's
23 September 2011
page 2

    Report which I believe is due on 12 December 2011 will be imprudent: should the Court deny the request Plaintiffs will be left with no time under LR23-3. Please let me know if you want me to draft the stipulation and email it to you for review.

    Also, I would greatly appreciate our agreeing to serve and correspond via email in addition to submitting paper copies when required.

    Sincerely,

    Law Offices of Larry R Glazer

    _____

    by Nicolette Glazer Esq.

# EXHIBIT 'D'

Law Offices of
**JULIA AZRAEL**
5200 Lankershim Boulevard, Suite 850
North Hollywood, California 91601
Phone: (818) 766-5177 ● Fax: (818) 766-5047

**Julia Azrael**
jazrael@azraellaw.net
**John S. Curtis**
jcurtis@azraellaw.net

**Michael T. Fox (Of Counsel)**
mfox@azraellaw.net
**Sherry-Maria Shenouda**
sshenouda@azraellaw.net

September 29, 2011

Nicolette Glazer
Law Offices of Larry R. Glazer
1875 Century Park East, Ste 700
Century City, CA 90067

Re: Miralba Castro Rosas, et. al., v. Macy's Inc., et. al.
Our File No.: MAY030

Dear Ms. Glazer:

In response to your letter of September 23, I believe that diversity of citizenship has been adequately alleged in the Notice of Removal and established in paragraphs 2 and 3 of the Declaration of Ann Munson Steines. Therefore, I do not intend to file an amended declaration.

With respect to a stipulation concerning Local Rule 23-3, please prepare a draft for my review. I am agreeable to email service and correspondence.

Very truly yours,

LAW OFFICES OF JULIA AZRAEL

John S. Curtis

JSC/amm