FILED
CLERK, U.S. DISTRICT COURT
AUG 24 2012
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ORIGINAL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MIRALBA CASTRO ROSAS, MIMI SANTA CRUZ, ADEL DOGOM, CHRISTOPHER ODMAN, AND ROBERT BOUCHARD, Individually and on behalf of all similarly situated individuals,

Plaintiffs,

vs.

MACY'S, INC., MACY'S WEST STORES, INC., DOES 1-10 inclusive,

Defendants.

Case No. CV11-7318 PSG(PLAx)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Background**

1. In August 2011, Plaintiffs Miralba Castro Rosas, Mimi Santa Cruz, Robert Bouchard, Adel Dogom, and Christopher Odman filed a putative class action against Macy's, Inc. and Macy's West Stores, Inc. (collectively, "Macy's" or "Defendants") in Los Angeles Superior Court.

2. Plaintiffs allege various causes of action relating to failure to pay wages and provide mandatory meal breaks, as well as claims for fraud, negligent misrepresentation, and breach of contract. *See* First Amended Complaint ("FAC"), ¶¶ 44-165.

3. Defendants removed the action to federal court in September 2011. Dkt #1.

**Defendants' Motion to Compel Arbitration**

4. On November 17, 2011, Defendants moved to compel the claims of three of the plaintiffs—Robert Bouchard, Adel Dogom and Christopher Odman ("Plaintiffs")—into arbitration pursuant to its Solutions InStore Step 4 – Arbitration program. Dkt #21.

5. The remaining two plaintiffs—Miralba Castro Rosas and Mimi Santa Cruz—elected to opt out of arbitration and thus are not part of Defendants' Motion to Compel Arbitration. Exhibits 376 (Castro Rosas Opt-Out Form), 377 (Santa Cruz Opt-Out Form).

6. Plaintiffs are current and former sales associates employed by Macy's. *See* FAC, ¶¶ 7-9.

7. Plaintiffs opposed the Motion to Compel on several grounds, one of which

was their contention that they did not consent to the Solutions InStore Step 4 – Arbitration program. With respect to that contention, Plaintiffs assert that they did not attach their electronic signature to the Solutions InStore Acknowledgment Form. By signing the form, an employee acknowledges that he received the SIS Brochure, understands he is automatically covered by all four steps of SIS, and is required to submit an Election Form within thirty days of hire in order to be excluded from Step 4 – Arbitration. Dkt. #34.

8. Defendants contend that its business records reflect that each of the Plaintiffs signed the Solutions InStore Acknowledgment Form. Defendants further contend that Plaintiffs failed to submit Opt-Out Forms within thirty days of hire and are therefore bound to arbitrate their claims.

9. On April 17, 2012, this Court entered its Order Holding Motion to Compel Arbitration in Abeyance Pending Summary Trial. Dkt. #45.

10. In its Order, the Court upheld the validity of Macy's arbitration agreement including the waiver of Plaintiffs' right to bring a class or collective action. Dkt. #45, pp. 4-5.

11. However, given that Plaintiffs raised an issue of fact regarding the signing of the SIS Acknowledgment Form, the Court ordered that a summary trial be held on the sole issue of whether an arbitration agreement exists—specifically, whether the Plaintiffs electronically signed the Solutions InStore Acknowledgment form, which the Court noted would constitute a valid arbitration agreement. Dkt. #45, pp. 8-11.

**Macy's Arbitration Program**

12. For disputes with its employees, Macy's has established a four-step dispute

resolution program known as Solutions InStore ("SIS"). The fourth and final step of the SIS program consists of binding arbitration. Exh. 378 (Noeth Decl.), ¶¶ 4, 10.

13. Employees may elect to opt out of Step 4 – Arbitration by submitting a one-page Opt-Out Form within thirty days of hire. Exh. 378 (Noeth Decl.), ¶¶ 8, 10-12, 21.

14. If an employee fails to submit an Opt-Out Form within thirty days, Macy's regards the employee as having consented to arbitration. Exh. 378 (Noeth Decl.), ¶¶ 8, 11, 12, 18-21.

15. An employee's election to participate in or to opt-out of Step 4 – Arbitration is confidential. No one at the stores has access to an employee's election information, including returned Opt-Out Forms. Exh. 378 (Noeth Decl.), ¶ 11.

16. Macy's notifies employees of the SIS program in numerous ways, including on Macy's job application, the SIS New Hire Brochure ("SIS Brochure"), the SIS Plan document (which details the process and rules for the SIS program), and the Election Form contained within the SIS New Hire Brochure. Exh. 378 (Noeth Decl.), ¶ 16.

**Solutions InStore New Hire Acknowledgment Form**

17. In addition, Macy's asks employees to sign the Solutions InStore New Hire Acknowledgment Form ("SIS Acknowledgment Form"). By signing the form, an employee acknowledges that he received the SIS Brochure, understands he is automatically covered by all four steps of SIS, and is required to submit an Election Form within thirty days of hire in order to be excluded from Step 4 –

Arbitration. Exh. 379 (SIS Acknowledgment Form).

18. The SIS Acknowledgment Form is presented to employees during a computer session in which employees electronically sign various other new hire forms. The new hire on-line forms include: 1) an EEO form, 2) a job offer checklist, 3) an associate handbook acknowledgment, 4) a direct deposit form, 5) a W-4 form, 6) the SIS Acknowledgment Form, 7) a United Way form, 8) associate discount information, and 9) an I-9 form. Exh. 380 (Odendahl Decl.), ¶¶ 3-10 and 383-386 (Exhs. C-F to Odendahl Decl.).

19. When an employee signs these forms electronically, the employee must enter his or her social security number, month and day of birth and zip code in order to attach his or her "signature" to the document. Exh. 378 (Noeth Decl.), ¶ 21.

20. At the time Plaintiffs were hired, other than the employees themselves, the only individuals at the store with access to an employee's on-line new hire forms were the Human Resources Manager Donna Pohle and the Human Resources Administrator Hadia Barazi.

21. Human Resources Manager Donna Pohle and Human Resources Administrator Hadia Barazi deny affixing the respective Plaintiffs' electronic signatures to the Solutions InStore on-line Acknowledgment Form, let alone to any of the on-line new hire forms.

**Adel Dogom**

22. On March 12, 2007Adel Dogom completed a paper employment application with Macy's. The paper employment application did not require nor does it

contain his date of birth. Exh. 319.

23. On May 11, 2007, Dogom signed a Job Offer Confirmation for a position at the Macy's Sherman Oaks store in California. Exh. 320.

24. Also on May 11, 2007, according to Macy's records, Dogom completed his on-line new hire forms from 6:09:44 EST through 6:38:01 EST. Exh. 322. In his on-line forms, Dogom indicated the following—

| On-Line Form | Information Provided |
|---|---|
| Identity & EEO Information | Male/Married/White |
| Job Offer Checklist | Acknowledged |
| Employee Handbook | Acknowledged |
| Direct Deposit | Declined |
| W-4 | 3 allowances |
| Solutions InStore | Acknowledged |
| United Way | $2 per pay period |
| Associate Discount | Pre-pay Account |

Exh. 322.

25. Finally, on May 11, 2007, Dogom completed Section 1 of Form I-9 and Hadia Barazi signed and dated Section 2. Dogom's Form I-9 was a paper form,

thus Macy's has no time-stamp records regarding when it was completed on May 11, 2007. Exh. 323.

**Christopher Odman**

26. On October 18, 2007, Christopher Odman completed an electronic Macy's employment application. Exh. 309.

27. On October 19, 2007, Odman signed a Job Offer Confirmation for a position at the Sherman Oaks, California Macy's store. Exh. 356.

28. On October 23, 2007, according to Macy's records, Odman completed his on-line new hire forms from 1:59:54 EST through 2:22:14 pm EST. Exh. 310. In his on-line forms, Odman indicated the following—

| On-Line Form | Information Provided |
|---|---|
| Identity & EEO Information | Male/Single/White |
| Job Offer Checklist | Acknowledged |
| Employee Handbook | Acknowledged |
| Direct Deposit | Declined |
| W-4 | 1 allowance |
| Solutions InStore | Acknowledged |
| United Way | $0 per pay period |

| Associate Discount | Pre-pay account |
|---|---|
| Form I-9 | Completed Section 1 |

Exh. 310.

29. Because Odman completed an electronic Form I-9 on October 23, 2007, Macy's has an electronic timestamp record regarding both the signature of Odman on Section 1 of the Form I-9 (2:22:14 pm EST) and Hadia Barazi, the Human Resources Administrator who completed Section 2 of Odman's Form I-9 (2:25:20 EST). Exhs. 310, 332, and 368 (Bates Stamped MACYS001390, 7099, 7100-7107).

**Robert Bouchard**

30. Robert Bouchard had two stints of employment with Macy's—one with its Macy's Florida division and one in California with what was known as the Macy's West division at the time he was hired.

31. On November 3, 2006, Bouchard completed a paper Macy's employment application seeking employment with Macy's Florida division. Exh. 317. The paper Macy's employment application did not require nor does it include Bouchard's month and day of birth. *Id.*

32. Bouchard was hired and, according to Macy's records, he completed his on-line new hire forms for Macy's Florida on November 8, 2006 from 3:29:04-4:01:38 pm EST. Exh. 318. In his on-line forms relating to his employment in Florida, Bouchard indicated the following—

| On-Line Form | Information Provided |
|---|---|
| Identify & EEO Information | Male/Married/White |
| Job Offer Checklist | Acknowledged |
| Employee Handbook | Acknowledged |
| Direct Deposit | Declined |
| W-4 | 1 allowance |
| Solutions InStore | Acknowledged |
| Terms/Conditions of Employment | Acknowledged |
| United Way | $0.01 per pay period |
| Associate Discount | No account wanted |

Exh. 318.

33. Bouchard's last day with Macy's Florida was November 21, 2007. He resigned his employment because he moved to California. Exh. 361 (Bates Stamped MACYS000032).

34. On November 30, 2007, Bouchard signed a Job Offer Confirmation for a position at the Macy's Sherman Oaks store in California. Exh. 313.

35. On December 1, 2007, according to Macy's records, Bouchard completed an on-line Macy's employment application. Macy's records reflect that Bouchard

completed his on-line employment application at 3:24:00 EST. Exh. 362 (Bates Stamped MACYS001941).

36. Also on December 1, 2007, according to Macy's records, Bouchard completed his on-line new hire forms. Macy's records reflect that Bouchard completed his on-line new hire forms from 3:39:06 EST through 3:51:54 pm EST. Exh. 316. In his on-line forms relating to his employment in California, Bouchard indicated the following—

| On-Line Form | Information Provided |
|---|---|
| Identity & EEO Information | Male/Married/White |
| Job Offer Checklist | Acknowledged |
| Employee Handbook | Acknowledged |
| Direct Deposit | Declined |
| W-4 | 1 allowance |
| Solutions InStore | Acknowledged |
| United Way | $1.00 per pay period |
| Associate Discount | Existing account |
| Form I-9 | Completed Section 1 |

Exh. 316.

37. Because Bouchard completed an electronic Form I-9 on December 1, 2007, Macy's has an electronic timestamp record regarding both the signature of Bouchard on Section 1 of the Form I-9 (3:51:54 pm EST) and Hadia Barazi, the Human Resources Administrator who completed Section 2 of Bouchard's Form I-9 (3:55:03 pm EST). Exhs., 316, 332 and 369 (Bates Stamped MACYS000362, 7099 and 7100-7107).

38. Dogom admits to being in the Sherman Oaks Macy's store on the day his SIS Acknowledgment was signed. Odman and Bouchard have not presented any evidence other than their testimony that they were not in the Sherman Oaks store on the days their SIS Acknowledgment Forms were signed.

39. In addition to the three Plaintiffs, the only other individuals with access to the Plaintiffs' On-Line Forms at the time of their hire were the Human Resources Manager Donna Pohle and the Human Resources Assistant Hadia Barazi. Pohle and Barazi did not affix the Plaintiffs' signatures to the Plaintiffs' On-Line Forms or make changes to the Plaintiffs' On-Line Forms; nor did Pohle and Barazi have the requisite personal knowledge necessary to complete the Plaintiffs' On-Line Forms.

**Conclusions of Law**

1. The Federal Arbitration Act ("FAA") governs arbitration agreements in contracts involving interstate commerce. 9 U.S.C. § 1; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

2. The FAA states that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

3. The FAA allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

4. When deciding whether the parties agreed to arbitrate, courts generally apply ordinary state law principles governing the formation of contracts. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

5. Under general principles of California contract law, a valid and enforceable contract must satisfy the following elements: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient consideration. *See U.S. ex. Rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999).

6. While silence or inaction by a party generally does not constitute assent, "where circumstances or the previous course of dealing between the parties places the offeree under a duty to act or be bound, his silence or inactivity will constitute his assent." See *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1109 (9th Cir. 2002); *see also Quevedo v. Macy's, Inc.*, 798 F.Supp.2d 1122, 1133-35 (C.D. Cal. 2011) (holding that when a Macy's employee admitted receiving the SIS handbook and signing the Acknowledgment Form, his failure to opt out constituted assent to the arbitration agreement).

7. The Solutions InStore on-line Acknowledgment Form combined with the SIS Brochure it acknowledges receipt of has the requisite elements to create an agreement to arbitrate if an employee does not opt out within thirty days. *See Quevedo v. Macy's, Inc.*, 798 F.Supp. 2d 1122, 1133-35 (C.D.Cal. June 16, 2011).

8. The language of the SIS Acknowledgment Form—

> I have received a copy of the [SIS] brochure and Plan Document . . . I understand that I have 30 days from my date of hire to review this information and postmark my form to the Office of [SIS] if I wish to exclude myself from coverage under Step 4 of the program, Arbitration . . . I understand that I am covered by and have agreed to use all 4 steps of [SIS] automatically by taking or continuing a job in any part of Macy's, Inc.

—is sufficient to call an employee's attention to the terms of the arbitration agreement and the necessity to opt out within thirty days. *See Quevedo v. Macy's, Inc.*, 798 F.Supp. 2d 1122, 1133-35 (C.D.Cal. June 16, 2011).

9. The SIS Brochure is equivalent to the form considered by the Ninth Circuit in *Circuit City Stores v. Najd*, 294 F.3d 1104, 1109 (9th Cir. 2002), which "set out in writing the significance of [the employee's] failure to opt out and described in detail the mechanism by which [the employee] could express his disagreement." Just as in *Circuit City*, Macy's SIS Brochure is sufficient to place an employee under a duty to act or be bound, where silence constitutes assent to arbitrate.

10. California has adopted the Uniform Electronic Transaction Act (codified at Cal. Civ. Code § 1633 et seq.) The Civil Code provides that a signature shall not be denied legal effect or enforceability solely because it is in electronic form. Cal. Civ. Code § 1633.7(a). Moreover, "[w]hether the parties agree to conduct a transaction by electronic means is determined from the context and surrounding circumstances, including the parties' conduct." Cal. Civ. Code § 1633.5(b).

11. The parties here agreed to contract through electronic means. First, the express language of the SIS Acknowledgment Form indicates the parties agreed to contract electronically. Moreover, the SIS Acknowledgment Form was presented in the context of a series of forms with legal import (e.g., an EEO form, a direct

deposit form, a W-4 form, and an I-9 form), thus reasonably suggesting that electronic signatures on these forms would be binding.

12. The Court finds the testimony of Donna Pohle and Hadia Barazi in which they denied affixing the Plaintiffs' electronic signatures to the Solutions InStore Acknowledgment Form to be credible. In addition, the personal information required for completion of the on-line forms suggest that only the Plaintiffs themselves could have completed the on-line forms and affixed their electronic signature to them.

13. Based on the evidence presented at trial, the Court finds that Macy's has proved by a preponderance of the evidence that the Plaintiffs attached their electronic signatures to the SIS Acknowledgment Form thus forming a valid and enforceable agreement to arbitrate.

IT IS SO ORDERED.

Dated: 8/24/12

PHILIP S. GUTIERREZ
United States District Judge