John S. Curtis (Bar No. 50350)
Email: jcurtis@azraellaw.net
**LAW OFFICES OF JULIA AZRAEL**
5200 Lankershim Boulevard, Suite 850
North Hollywood, California 91601
Telephone: (818) 766-5177
Facsimile: (818) 766-5047

David E. Martin, *pro hac vice admittee*
David.e.martin@macys.com
Catherine E. Sison, *pro hac vice admittee*
Catherine.sison@macys.com
611 Olive Street, 10th Floor
St. Louis, MO 63101
Telephone: (314) 342-6719
Facsimile: (314) 342-6066

Attorneys for Defendants

[*continued on next page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRALBA CASTRO ROSAS, MIMI SANTA CRUZ, ADEL DOGOM, CHRISTOPHER ODMAN AND ROBERT BOUCHARD, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INDIVIDUALS,<br><br>Plaintiffs,<br><br>vs.<br><br>MACY'S, INC., MACY'S WEST STORES, INC., and MACY'S RETAIL HOLDINGS, INC.<br><br>Defendants. | Case No. CV11-7318 PSG(PLAx)<br><br>Honorable Philip S. Gutierrez<br><br>CLASS ACTION<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: August 2, 2011<br>Removed:           September 6, 2011 |

Nicolette Glazer CSB #209713
Law Offices of Larry R. Glazer
1875 Century Park East, Suite #700
Century City, California 90067
Tel: (310) 407-5353
Fax: (310) 407-5354
Nicolette@glazerandglazer.com

Attorney for Plaintiffs

## STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

**GOOD CAUSE STATEMENT.** Plaintiffs have filed this matter as a putative class action. Defendants believe that certain information and documents responsive to some of Plaintiffs' requests for information contain confidential and/or proprietary information the unprotected disclosure of which could have an adverse and detrimental impact on the legitimate business and privacy interests of the disclosing party and/or third parties to the litigation. Such information includes (1) information regarding Defendant's California employees who elected to participate in Defendant's voluntary arbitration program (Solutions InSTORE) implicating the privacy and confidentiality guarantees made by Macy's to its employees under that programand (2) certain confidential and sensitive information regarding Defendant's proprietary commission pay software/application.

Accordingly, the parties have agreed and stipulate that a party disclosing such confidential information may designate it as "Confidential" (hereinafter "Confidential Information"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under this Stipulated Protective Order and the applicable legal principles. The parties agree that the following limitations on the disclosure of such Confidential Information should be imposed.

1. This Stipulated Protective Order will automatically terminate at commencement of trial. If this matter proceeds to trial, all of the information that

was designated as confidential and/or kept and maintained pursuant to the terms of this Stipulated Protective order will become public and available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

2. While this Stipulated Protective order is in effect, documents, discovery responses, information and materials produced hereafter and deposition testimony in the future designated as Confidential Information shall be subject to the provision of this Stipulated Protective Order. If only a portion of a deposition transcript or other discovery item contains Confidential Information, only that portion will be subject to this Stipulated Protective Order. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to the receiving party or becomes part of the public domain after its disclosure to the receiving party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.

3. While this Stipulated Protective order is in effect all copies of documents, discovery responses or other materials produced and designated as containing Confidential Information, and all transcripts of depositions in which Confidential Information has been designated, shall have clearly stamped thereon "Confidential" on each page that contains protected material in a manner which avoids any interference with the legibility of the material.

4. While this Stipulated Protective order is in effect the Confidential Information contained in documents, discovery responses, deposition transcripts

and materials subject to this Protective Order shall be in connection with this case only for prosecuting, defending, or attempting to settle this litigation and may be disclosed only as follows:

    A.    Confidential Information may be disclosed to the parties, their attorneys, and to members of the paralegal, secretarial or clerical staff (including shorthand reporters), as well as outside vendors assisting such counsel.

    B.    Counsel may disclose Confidential Information to independent experts specifically retained for the purposes of this litigation to assist counsel in the prosecution and/or defense of this action or any appeal filed herein.  Such experts shall agree in writing to be bound by the terms and provisions of this Stipulated Protective Order.

    C.    Confidential Information may be disclosed to the Court, pursuant to Paragraph 7 of this Stipulated Protective Order.

    D.    Confidential Information may be disclosed to the author or recipient of the document containing the Confidential Information or to a custodian or other person who otherwise lawfully obtained the information.

    E.    Except as provided in subpart A through D of this paragraph, the parties, their counsel, and others with permitted access to the Confidential Information shall not disclose it to any person or use it for any purpose except the prosecution or defense of this litigation.

5.    Except as limited below, Confidential Information may be used or elicited in party depositions and also in the preparation of non-party witnesses for deposition if the witness agrees in writing or on the record to preserve the confidentiality of such Confidential Information and not to use any such information for any purpose except this litigation.

6.    The use of Confidential Information in the taking of depositions, including their use as exhibits in such depositions, shall not cause such documents or information to lose their status as Confidential Information.

**LAW OFFICES OF JULIA AZRAEL**
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

7. This Protective Order shall not preclude any party from filing and/or opposing motions in connection with this action. If confidential information cannot be redacted a party seeking to use documents containing Confidential Information must follow the procedure for filing documents under seal set forth in Local Rule 79-5.1 before attaching or filing Confidential Information with the Court. Pending the ruling on the request, the papers or portions thereof subject to the sealing motion shall be lodged under seal.

8. If the case does not proceed to trial, after termination of this litigation, whether by appeal, settlement or otherwise, the provisions of this Protective Order with respect to the dissemination of Confidential Information shall continue to be binding. The originals and all copies of such Confidential Information received by opposing counsel, with respect to such information shall be destroyed within sixty (60) days of the termination of this litigation and counsel shall certify in writing to counsel for the other party that such documents have been destroyed, except that the receiving counsel should be entitled to maintain one copy of all documents filed with the Court.

9. Nothing in this Protective Order shall be deemed or construed to be a waiver by either party of its right to seek to introduce, or to object on any grounds to the use of any Confidential Information, or any portions thereof, at any hearing or at the trial of this matter.

10. Documents, discovery responses or materials designated as containing Confidential Information may be copied or otherwise reproduced without the permission of the producing party or an Order of the Court by persons entitled to receive such Information pursuant to paragraph 4 of this Protective Order, provided that the use of such copies is restricted in accordance with this Protective Order. All copies so made shall be deemed Confidential Information under the terms of this Protective Order and shall be maintained as

1  Confidential Information or destroyed at the termination of this litigation as
2  provided in Paragraph 8 herein.
3        11.   In the event a party disputes that materials or information,
4  designated by another party to be Confidential Information, should be subject to
5  the limitations on disclosure, then the parties may so agree in writing or, if the
6  parties cannot reach agreement, the parties shall comply with Local Rule 37.  If
7  the parties want to file the Joint Stipulation required by Local Rule 37 under seal,
8  the parties may file a stipulation to that effect or the moving party may file an ex
9  parte application making the appropriate request.  The parties must set forth good
10 cause in the stipulation or ex parte
11       12.   This Protective Order shall be binding upon the parties hereto, their
12 successors, representatives and assigns, as well as all counsel for the parties
13 hereto and their paralegals and office employees.

**LAW OFFICES OF JULIA AZRAEL**
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

| | |
|---|---|
| Dated: April 15th, 2013 | MACY'S LAW DEPARTMENT |
| | By: *s/ Catherine E. Sison* |
| | David E. Martin, *pro hac vice admittee* |
| | Catherine E. Sison, *pro hac vice admittee* |
| | -and- |
| | LAW OFFICES OF JULIA AZRAEL |
| | John S. Curtis (Bar No. 50350) |
| | Attorneys for Defendants |
| Dated: April 15th, 2013 | LAW OFFICES OF LARRY R. GLAZER |
| | By: *s/ Nicolette Glazer* |
| | Nicolette Glazer (Bar No. 209713) |
| | Attorneys for Plaintiffs |

It is so ordered.

Dated: April 16, 2013

*[signature: Paul L. Abrams]*

United States Magistrate Judge
Paul L. Abrams